# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY SWATZIE, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-3258-JEC-LTW |
| | : | |
| WARDEN LOREN GRAYER, | : | |
|     Respondent. | : | |

## FINAL REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Anthony Swatzie, an inmate at the United States Penitentiary in Atlanta, Georgia, seeks via 28 U.S.C. § 2241 to challenge the validity of his sentence. [Doc. 1]. Swatzie's petition is currently before the Court for initial consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

---

[1] Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts requires the court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Pursuant to Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

## I.

## Background

In his petition, Petitioner states that he was convicted on February 3, 2000, in the United States District Court for the Northern District of Florida, Tallahassee Division, and was sentenced to life imprisonment. [Doc. 1 at 3]. Petitioner states that he appealed his convictions and sentence, and they were affirmed by the United States Court of Appeals for the Eleventh Circuit on September 27, 2000. Petitioner further provides that he filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the Northern District of Florida, and the motion was denied.

On November 19, 2009, Petitioner filed the instant federal habeas corpus petition in this Court pursuant to 28 U.S.C. § 2241, seeking to challenge the constitutionality of his sentence. In his petition, Petitioner contends that the district court lacked subject matter jurisdiction to impose an Armed Career Criminal Act sentence on Petitioner. Specifically, Petitioner argues that three prior burglary convictions were improperly used to qualify him as an armed career criminal under the Act because they were not crimes of violence.

II.

Discussion

A prisoner attacking his federal conviction and sentence generally must do so in a motion filed under 28 U.S.C. § 2255 in the sentencing court. United States v. Brown, 117 F.3d 471, 474 (11th Cir. 1997). Actions brought pursuant to 28 U.S.C. § 2241 are mostly limited to challenges to either federal confinement that is not pursuant to a sentence of a federal court or the unlawful execution of a valid sentence. Atehortua v. Kindt, 951 F.2d 126 (7th Cir. 1991).

The instant § 2241 petition cannot serve as a substitute for a § 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). Under narrow circumstances, a federal prisoner may seek to challenge a federal conviction and sentence pursuant to a § 2241 habeas corpus petition. In order to do so, he must first establish the inadequacy of the remedy under § 2255.[2] See Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). A claim may be presented via § 2241 "when: 1) that claim is based upon a

---

[2]"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C.A. § 2255.

3

retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id.

In the case at bar, Petitioner does not indicate that his claims are based on a retroactively applicable Supreme Court decision or that circuit law foreclosed his claims at the time of his trial or appeal. Petitioner has failed, therefore, to demonstrate that the remedy under § 2255 is ineffective or inadequate with respect to his claims.

Accordingly, Petitioner cannot challenge his current federal sentence by way of a § 2241 petition in this Court. Because Petitioner was sentenced in the United States District Court for the Northern District of Florida, Petitioner must pursue his claim by filing a § 2255 motion in that court. Since Petitioner has already pursued a § 2255 motion in connection with his sentence, he must seek authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion in the sentencing court.[3]

---

[3]"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

AO 72A
(Rev.8/82)

III.

Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The undersigned finds that Petitioner has failed to make a substantial showing that he has been denied a constitutional right. Petitioner's § 2241 petition cannot be brought before this Court as a substitute for a § 2255 motion. Thus, the Court finds that a certificate of appealability should not issue. Accordingly, **IT IS RECOMMENDED** that a certificate of appealability be **DENIED**.

AO 72A
(Rev.8/82)

IV.

Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED**, this 7th day of December, 2009.

<pre>
                              s/Linda T. Walker
                              LINDA T. WALKER
                              UNITED STATES MAGISTRATE JUDGE
</pre>

AO 72A
(Rev.8/82)