```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION
```

| | |
|---|---|
| ANTHONY SWATZIE, | |
| Petitioner, | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2241 |
| v. | CIVIL ACTION NO.<br>1:09-cv-3258-JEC |
| WARDEN LOREN GRAYER, | **MAGISTRATE JUDGE WALKER** |
| Respondent. | |

## ORDER & OPINION

This action is before the Court on petitioner's Habeas Corpus Petition Pursuant to 28 U.S.C. § 2241 [1], Magistrate Judge Walker's Report and Recommendation ("R&R") [2] recommending that the Court **DISMISS** the petition, and petitioner's Objections to the R&R [3]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court has conducted a careful, *de novo* review of Judge Walker's legal conclusions and to those portions of the R&R to which petitioner objected. The Court has reviewed the remainder of the R&R for clear error. For the foregoing reasons, the Court **ACCEPTS** and **ADOPTS** the R&R [2] and **DISMISSES** the Petition for Habeas Corpus [1].

## BACKGROUND

This case has a long procedural history, beginning over 13 years ago in the Northern District of Florida. Following a two-day trial

there in 1999, a jury convicted petitioner of possession with intent to distribute crack and cocaine in violation of 21 U.S.C. § 841(a). *United States of America v. Swatzie*, 4:99-CR-00062-RH-WCS (N.D. Fla.), Jury Verdict at Dkt. No. [19]. The jury also found petitioner guilty of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *Id.* In February, 2000, Judge Hinkle sentenced petitioner to concurrent life sentences on each count. *Id.* at Judgment, Dkt. No. [29] at 2. Petitioner's sentence on the firearm conviction reflected an enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Id.* The enhancement was based in part on petitioner's three prior burglary convictions. *Id.* at Indictment [1].

Petitioner appealed his conviction and sentence to the Eleventh Circuit. *United States v. Swatzie*, 228 F.3d 1278, 1281 (11th Cir. 2000). On appeal, petitioner argued that Judge Hinkle erred in finding, by a preponderance of the evidence, that petitioner possessed a sufficient amount of drugs necessary for the sentence that he received. *Id.* Essentially, petitioner argued that the drug amounts were tantamount to elements of the offense that should have been stated in the indictment and subjected to a higher evidentiary standard. *Id.* Since his objections were not timely, petitioner conceded that the Eleventh Circuit could only review the district court's decision for "plain error." *Id.* The Circuit Court assumed

2

*arguendo* that there was a plain error. *Id.* at 1282. Nevertheless, the Court affirmed the conviction and sentence because:

> there was no serious dispute that [petitioner] possessed at least 5 gm of cocaine base, enough for the increased statutory maximum, and no evidentiary basis existed for the jury reasonably to have found that [petitioner] possessed drugs with intent to distribute, but did not possess both cocaine base and powder at least in the amounts the authorities bagged at [petitioner's] house.

*Swatzie,* 228 F.3d at 1283.

In July, 2002, petitioner filed his first § 2255 petition in the Northern District of Florida in which he asserted the following grounds for vacating his sentence: (1) 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) are facially unconstitutional, (2) 18 U.S.C. § 924(e) is unconstitutional for failing to state the maximum penalty with sufficient clarity, and (3) the gun as charged in the indictment did not affect interstate commerce. *United States of America v. Swatzie*, 4:99-CR-00062-RH-WCS (N.D. Fla.), § 2255 Petition at Dkt. No. [48]. Judge Hinkle denied the petition. *Id.* at Dkt. No. [58].

Petitioner subsequently filed a "Motion to Void" the judgment underlying his conviction and sentence pursuant to Federal Rule 60(b)(4). *Id.* at Dkt. No. [60]. In support of the Rule 60 motion, petitioner argued that the judgment against him was void for various reasons, including the state's use of prior offenses to enhance his sentence. *Id.* In a report and recommendation, Magistrate Judge Sherrill found that petitioner's Rule 60 motion was in fact a

3

disguised successive § 2255 petition. *Id.* at Dkt. No. [61]. Judge Sherrill's R&R was adopted, and the Rule 60 motion dismissed, because petitioner had not obtained the necessary permission from the Eleventh Circuit to file a successive § 2255 petition. *United States of America v. Swatzie*, 4:99-CR-00062-RH-WCS (N.D. Fla.), Order Adopting R&R at Dkt. No. [63].

A few months later, petitioner filed a motion to recall his conviction pursuant to writ of audita querela. *Id.* at Dkt. No. [64]. This motion is perplexing, to say the least. It cites and summarizes authority illustrating the power and circumstances where courts may recall a judgment via the writ of audita querela. *Id.* However, it does not articulate any reason why petitioner's particular judgment should be recalled. Likely for this reason, petitioner's motion was denied without explanation. *Id.* at Dkt. No. [65].

Undeterred by the results of his prior appeal and collateral attacks, petitioner filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) in March, 2005. *Id.* at Dkt. No. [66]. In that motion, petitioner argued that (1) the district court's drug quantity findings violated the Sixth Amendment and (2) the chapter four enhancements of the sentencing guidelines were unconstitutional as applied in his case. *United States of America v. Swatzie*, 4:99-CR-00062-RH-WCS (N.D. Fla.), Dkt. No. [66] at 11. Judge Sherrill again found petitioner's motion to be a disguised successive § 2255

4

petition, lacking the necessary permission from the Eleventh Circuit to authorize review. *Id.* at Dkt. No. [67]. The motion was dismissed without reaching the merits of petitioner's claim. *Id.* at Dkt. Nos. [67] at 2-3 and [68].

Petitioner did not file any additional motions for several years until the United States Sentencing Commission amended §2D1.1 of the sentencing guidelines. *See* U.S. Sentencing Guidelines Manual App. C, Amendment 706 (Nov. 1, 2007). Following those amendments, petitioner filed a second motion under § 3582(c)(2) requesting a sentence reduction in light of the guideline changes. *United States of America v. Swatzie*, 4:99-CR-00062-RH-WCS (N.D. Fla.) at Dkt. No. [69]. This motion was again denied. *Id.* at Dkt. No. [71]. As Judge Hinkle explained, petitioner was a career offender sentenced under chapter 4 of the guidelines rather than the amended chapter 2. *Id.* at 5. As such, petitioner was ineligible for a reduction under Amendment 706. *Id.* The Eleventh Circuit affirmed Judge Hinkle's decision. *Id.*, Mandate of USCA at Dkt. No. [83].

Three years after his second § 3583 petition was denied, petitioner filed a third motion to modify his sentence pursuant to 18 U.S.C. § 3582. *Id.* at Dkt. No. [84]. This time, petitioner based his motion on Amendment 750 to the United States Sentencing Guidelines, as well as several Supreme Court decisions. *Id.* at 1-2. Amendment 750 reduced the crack base offense level. *Id.*, Jan. 2013

5

Order, Dkt. No. [92].  However, the amendment had no effect on the career offender base offense level.  Therefore, Judge Hinkle again found petitioner ineligible for a sentence reduction because his sentence was based on the career offender guidelines, which were unchanged by amendment 750.  *Id.* at 2.

At some point prior to November, 2009, petitioner was transferred to the federal penitentiary in Atlanta, Georgia.  (Habeas Pet. [1].) That transfer has resulted in this district becoming the recipient of motions by petitioner challenging his sentence.  Following his transfer, petitioner filed the § 2241 habeas petition that is now before the Court.  (*Id.*)  In support of the habeas relief requested under § 2241, petitioner claims that "the 3 burglaries used to make the petitioner an Armed Career Criminal were not crimes of violence" as defined by the sentencing guidelines or by the Supreme Court in *Taylor v. United States,* 495 U.S. 575, 600 (1990).  (Pet'r's Mem. of Law [1] at 1.)  In her R&R, Judge Walker recommends dismissing petitioner's claim because it does not meet the requirements of the "savings clause" of § 2255(e).[1]  (R&R [2].)  Petitioner has filed

---

[1] Petitioner has filed a second § 2241 petition, in which he argues that his sentence exceeds the statutory maximum of thirty years for an offense involving an unspecified drug quantity, thus depriving petitioner of his constitutional due process rights. *Swatzie v. Drew*, No. 1:13-CV-00587-JEC, Dkt. No. [1] at 1. Magistrate Judge Walker has submitted an R&R on this petition, in which she recommends denying this claim as well. *Id.* at Dkt. No. [2] at 8.

6

timely objections to Judge Walker's R&R.  (Pet'r's Objs. [3].)

**DISCUSSION**

Ordinarily, a federal prisoner may only challenge his final conviction and sentence through a § 2255 habeas motion.  *Bryant v. Warden, FCC Coleman-Medium,* 738 F.3d 1253, 1256 (11th Cir. 2013).  As indicated, Petitioner has already filed a § 2255 motion.  *United States of America v. Swatzie*, 4:99-CR-00062-RH-WCS (N.D. Fla.), § 2255 Petition at Dkt. No. [58].  Under the circumstances of this case, any additional, successive § 2255 motions are barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA").[2]  *See Stewart v. U.S.,* 646 F.3d 856, 859 (11th Cir. 2011)(discussing the successive petition bar of § 2255(h)).

The only available avenue of relief for petitioner is through a § 2241 petition that falls within the "savings clause" of § 2255(e). *Bryant,* 738 F.3d at 1256.  That clause permits a prisoner to file a § 2241 petition, although it would otherwise be barred by the AEDPA, if the remedy provided by § 2255 is "inadequate or ineffective to

---

[2] Under § 2255(h), a court may only consider a successive motion if it is certified by the appropriate court of appeals to contain: (1) newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h).  This case has not been certified by the Eleventh Circuit as appropriate for review under either prong of § 2255(h).

7

test the legality of his detention." 28 U.S.C. § 2255(e). As applied to sentencing claims such as petitioner's, the Eleventh Circuit has interpreted the "inadequate or ineffective" language to permit a § 2241 petition when: (1) throughout sentencing, direct appeal, and the first § 2255 proceeding, Eleventh Circuit precedent specifically addressed and squarely foreclosed petitioner's claim that he was erroneously sentenced above the statutory maximum penalty, (2) subsequent to his first § 2255 proceeding, a Supreme Court decision, as extended by the Eleventh Circuit to petitioner's distinct prior conviction, overturned the Circuit precedent that had squarely foreclosed the claim, (3) the new rule announced by the Supreme Court applies retroactively on collateral review, and (4) as a result of the new rule being retroactive, petitioner's current sentence exceeds the statutory maximum authorized by Congress. *Bryant,* 738 F.3d at 1274, 1281-84.

By application of binding Eleventh Circuit authority, petitioner's claim does not meet the first requirement set forth above. *See Williams v. Warden, Fed. Bureau of Prisons,* 713 F.3d 1332, 1343-44 (11th Cir. 2013). The claimant in *Williams* was tried and convicted in the Southern District of Florida in 1998 for being a felon in possession of a firearm in violation of § 922(g)(1). *Id.* at 1335. Like petitioner, he received an enhanced sentence under the ACCA based in part on a prior burglary conviction. *Id.* The Eleventh

8

Circuit confirmed his conviction and sentence on direct appeal in 1999. *Id.* Several failed collateral attacks followed between 2000 and 2004. *Id.*

After the Supreme Court decided *Begay v. United States,* 533 U.S. 137 (2008), the *Williams* claimant filed a § 2241 petition in which he argued, like petitioner, that his sentence enhancement under the ACCA was improperly based on a burglary conviction that no longer qualified as a "violent felony." *Williams,* 713 F.3d at 1334. The Eleventh Circuit dismissed the claim, noting that in order to trigger the savings clause:

> [a] Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

*Id.* at 1343. The Court explained that this "essential" condition was not met by the *Williams* claimant because there was no Circuit authority, applicable between the claimant's conviction in 1998 and his subsequent collateral attacks ending in 2004, that prevented him from raising an objection to the treatment of his burglary convictions as violent felonies under the ACCA. *Id.* at 1344. *See also Bryant,* 738 F.3d at 1272 ("from 1998 to 2004, no Eleventh Circuit precedent 'squarely held that burglary . . . was a violent felony for ACCA purposes'").

*Williams* is indistinguishable from, and dispositive of, this case.

9

Petitioner was convicted in 1999 and his direct appeal and first § 2255 motion were decided between 2000 and 2002. As the Circuit Court explained in *Williams*, no Eleventh Circuit precedent on the books during this time foreclosed petitioner's argument or rendered his § 2255 motion "inadequate or ineffective" to test his claim concerning the burglary conviction. *Williams,* 713 F.3d at 1344. Accordingly, petitioner's § 2241 petition must be **DISMISSED** for lack of subject matter jurisdiction. *Id.* at 1338 (holding that the savings clause of § 2255(e) is a jurisdictional provision).

## **CONCLUSION**

For the foregoing reasons, the Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's R&R [2] and **DISMISSES** petitioner's Habeas Corpus Petition Pursuant to 28 U.S.C. § 2241 [1]. In accordance with Judge Walker's recommendation, the Court finds that a certificate of appealability should not issue in this case.

SO ORDERED, this 7th day of April, 2014.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

10

AO 72A
(Rev.8/82)